IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS I . TERZANI,                                        CV 05-518-HU

        Plaintiff,                                      OPINION AND ORDER

  v.

COMMISSIONER of Social Security,

        Defendant.

_____

REDDEN, Judge:

      Plaintiff Dennis I. Terzani filed this civil action for judicial review of the Commissioner's ("Defendant") final decision that Mr. Terzani was not disabled between November 5, 1998 and October 15, 2001, and therefore not entitled to benefits under Title II of the Social Security Act during that period.  42 U.S.C. §§ 401-33.  On March 22, 2006, Magistrate Judge Hubel filed his Findings and Recommendation (doc. 21) that the Commissioner's decision be affirmed and the case dismissed.

      The matter is now before this court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  When either party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a <u>de novo</u> determination of that portion of the

PAGE 1 - OPINION AND ORDER

Magistrate's findings and recommendation. 28 U.S.C. § 636(b)(1)(C); <u>United States v. Remsing</u>, 874 F.2d 614, 616 (9th Cir. 1989); <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1415 (9th Cir. 1991).

Plaintiff timely filed objections to Magistrate Judge Hubel's Findings and Recommendation. I have, therefore, given the file of this case a <u>de novo</u> review. I agree with Magistrate Judge Hubel's conclusions.

I am not persuaded by Plaintiff's argument that the Magistrate Judge improperly relied on Plaintiff's participation in physical therapy and his enrollment in vocational rehabilitation as evidence of his non-disability. Plaintiff cites <u>Cox v. Califano</u>, 587 F.2d 988, 991 (9th Cir. 1978) for the proposition that evidence of participation in physical therapy or vocational rehabilitation does not, by itself, prove a claimant's present ability to work. <u>See also</u> 20 C.F.R. § 404.1572. In this case, however, neither the ALJ nor the Magistrate Judge relied solely on Plaintiff's participation in physical therapy or vocational rehabilitation as proof of present ability to work. In fact, Magistrate Judge Hubel noted that Plaintiff was cleared for work at least three times by four different evaluating physicians.

Furthermore, an ALJ may use ordinary techniques of credibility evaluation, such as weighing inconsistent statements by the claimant. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ cited Plaintiff's participation in evaluating his credibility, not as evidence of present ability to work. Plaintiff's participation in vocational rehabilitation was inconsistent with Plaintiff's contention that he viewed himself as disabled during the period under review. Neither the ALJ nor the Magistrate Judge improperly premised their disability analysis on Plaintiff's participation in vocational rehabilitation and physical therapy.

Nor am I persuaded by Plaintiff's argument that the Magistrate Judge improperly relied on isolated evidence of intermittent improvements, and therefore failed to consider the record in its entirety. Although there is evidence in the record that might support a finding that Plaintiff's disability started before October 2001, variable interpretations of the evidence are insignificant so long as the Commissioner's interpretation is a rational reading. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The record supports the ALJ's finding that Plaintiff initially responded well to physical therapy and treatment. Plaintiff was cleared for work by four different treating and evaluating physicians during the period in question. Even though the evidence regarding Plaintiff's back injury in this case "is susceptible to more than one rational interpretation," Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995), I cannot conclude that the ALJ's findings are irrational.

I also disagree with Plaintiff's argument that the Magistrate Judge misinterpreted the medical evidence relating to Plaintiff's documented adjustment disorder. The ALJ determined that Plaintiff did not have a severe mental impairment within the meaning of the SSA Disability Regulations. In reaching that conclusion, the ALJ relied, in part, on Dr. Sasser's opinion that Plaintiff had an adjustment disorder, but no severe mental symptoms that imposed significant work-related restrictions. Magistrate Judge Hubel concluded the ALJ's evaluation was consistent with opinions of the physicians in the record, which showed ongoing situational depression, but did not suggest a severe depressive disorder.

Plaintiff argues that any reliance on Dr. Sasser's statement that Plaintiff's depression was "non-severe" is improper because that statement is inconsistent with Dr. Sasser's determination that Plaintiff had a Global Assessment of Functioning (GAF) of 55 (i.e., moderate symptoms).

Plaintiff claims that under the SSA regulations, a finding of "non-severity" would only be warranted if Plaintiff's mental impairment were "none" or "mild."  See 20 C.F.R. § 404.1520a(d)(1) ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment is not severe . . . .").

Plaintiff's argument conflates the SSA disability analysis with the GAF analysis, when the analyses are separate inquiries.  In Dr. Sasser's medical opinion, Plaintiff's symptoms were was "moderate" or "non-severe."  There is nothing inherently inconsistent about those findings.  This was Dr. Sasser's medical opinion, not a legal conclusion under the regulations. Furthermore, Plaintiff does not cite any legal authority to support his position that a finding of "non-severity" under the SSA regulations is only warranted if a claimant's mental impairment is categorized as "mild" or "none" under the GAF analysis.  In fact, other courts have upheld findings of non-disability when a claimant has been found to have a GAF of 55.  See Book v. Massanari, 2001 WL 902572, at *1-2 (N.D. Cal. 2001).

Plaintiff's argument also overlooks the ALJ's reliance on the opinions two Disability Determination Services (DDS) physicians, who concluded that Plaintiff's mental symptoms were non-severe and imposed no significant work-related restrictions.  In addition, Plaintiff's treating physician, Dr. Countiss noted on at least three occasions that Plaintiff's depression was under control or improving.

I also disagree with Plaintiff's position that the ALJ's finding of an "adjustment disorder" was inconsistent with the ALJ's conclusion that Plaintiff did not have disabling depressive issues.  Plaintiff does not cite, nor is the court aware of any legal authority for the

proposition that an adjustment disorder is equivalent to a finding of a disability under the SAA. In any event, substantial evidence in the record supports the ALJ's determination that Plaintiff's depression did not render him disabled under the regulations. Indeed, each of the physicians that treated Mr. Terzani at one time or another noted that his depression was improving.

After closely examining the record as a whole, I agree with Magistrate Judge Hubel's conclusion that the ALJ's decision was based upon the correct legal standards and supported by substantial evidence. See 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Therefore, I ADOPT Magistrate Judge Hubel's Findings and Recommendation (doc. 21) filed March 22, 2006. The Commissioner's decision that Mr. Terzani was not disabled between November 5, 1998, and October 15, 2001, and therefore not entitled to benefits under Title II of the Social Security Act during that period, is AFFIRMED and the case is DISMISSED.

IT IS SO ORDERED.

DATED this 16th day of October, 2006.

/s/ James A. Redden
James A. Redden
Senior United States District Judge